UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------------------------------
TERRI SIMMONS,

                Plaintiff,

-against-

THE CITY OF MOUNT VERNON;
SCHOOL BOARD OF MOUNT VERNON;
THE COUNTY OF PUTNAM; NICOLE
MURPHY; PENNY BECKMAN, in their
official and individual capacity,

                Defendants.
---------------------------------------------------------------

1:19-CV-10388 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, who appears *pro se*, asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and the Individuals with Disabilities Education Act. She also asserts claims under state law. She alleges that the defendants discriminated against her son because of his disability and race.[1] By order dated December 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

    Plaintiff names as defendants (1) the City of Mount Vernon, (2) the "School Board of Mount Vernon," (3) the County of Putnam, (4) Nicole Murphy, who she refers to as the "[S]uperintendent of Fox Meadow School in the County of Putnam," and (5) Penny Beckman, who she refers to as "the School Psychologist for Fox Meadow in the County of Putnam." (ECF 2, p. 2.). In the body of the complaint, she refers to the County of Westchester, "the

---

[1] Plaintiff's claims arise from events which allegedly occurred in November 2016, while her son was 16 years old. She mentions her son's full name in her complaint. Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, any references to a minor's name in a court submission must be limited to the minor's name's initials. In an abundance of caution, I have directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis.

Superintendent of Fox Meadow Boces for Special Education and Disable[d] Students," and the Board of Education of Mount Vernon as defendants. (*Id.* p. 1).

Plaintiff's claims arise from her son's alleged suspension from Fox Meadow Middle School/High School, a school operated by the Putnam/Northern Westchester Board of Cooperative Educational Services ("PNW BOCES"), and from the alleged failure of Mount Vernon educational officials to provide any educational services or alternative school placement to him thereafter.

For the reasons discussed below, the Court directs the Clerk of Court to add PNW BOCES as a defendant and to replace the "School Board of Mount Vernon" with the Mount Vernon City School District as a defendant. The Court directs service on PNW BOCES, the Mount Vernon City School District, as well as on Defendants Murphy and Beckman.

## DISCUSSION

**A.  New defendants**

In light of Plaintiff's *pro se* status and clear intention to assert claims against PNW BOCES and the Mount Vernon City School District, the Court construes the complaint as asserting claims against these entities, and directs the Clerk of Court to add PNW BOCES as a defendant and to amend the caption of this action to replace the "School Board of Mount Vernon" with the Mount Vernon City School District. *See* Fed. R. Civ. P. 21. This addition and amendment are without prejudice to any defenses that these entities may wish to assert.

**B.  Service on PNW BOCES, Mount Vernon City School District, Murphy, and Beckman**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on PNW BOCES, the Mount Vernon City School District, Murphy, or Beckman until the Court reviewed the complaint and ordered that summonses be issued for these defendants. The Court therefore extends the time to serve these defendants until 90 days after the date that the summonses for these defendants are issued. If the complaint is not served on these defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on PNW BOCES, the Mount Vernon City School District, Murphy, and Beckman through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for these defendants. The Clerk of Court is further instructed to issue summonses for these defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on these defendants.

Plaintiff must notify the Court if her address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the "School Board of Mount Vernon." The Court also directs the Clerk of Court to add the Putnam/Northern Westchester Board of Cooperative Educational Services and the Mount Vernon City School District as defendants. Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to complete USM-285 forms with the service addresses for the Putnam/Northern Westchester Board of Cooperative Educational Services, the Mount Vernon City School District, Murphy, and Beckman, and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 10, 2019
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Putnam/Northern Westchester Board of Cooperative Educational Services
   200 BOCES Drive
   Yorktown Heights, New York 10598-4399

2. Mount Vernon City School District
   165 North Columbus Avenue
   Mount Vernon, New York 10552

3. Nicole Murphy
   Fox Meadow Middle School/High School
   845 Fox Meadow Road
   Yorktown Heights, New York 10598

4. Penny Beckman
   Fox Meadow Middle School/High School
   845 Fox Meadow Road
   Yorktown Heights, New York 10598