```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TERRI SIMMONS,                                                 :
                        Plaintiff,                             :
v.                                                             :
                                                               :
PUTNAM/NORTHERN WESTCHESTER                                    :
BOARD OF COOPERATIVE EDUCATIONAL                               :
SERVICES; MOUNT VERNON CITY                                    :
SCHOOL DISTRICT; NICOLE MURPHY, in                             :
her official and individual capacities; PENNY                  :
BECKMAN, in her official and individual                        :
capacities,                                                    :
                        Defendants.                            :
--------------------------------------------------------------x
```

**OPINION AND ORDER**

19 CV 10388 (VB)

Briccetti, J.:

Plaintiff Terri Simmons, proceeding pro se and in forma pauperis, brings this action on behalf of her minor son ("P.E.") against defendants Putnam/Northern Westchester Board of Cooperative Educational Services ("PNW BOCES"), Mount Vernon City School District (the "District"), Nicole Murphy, and Penny Beckman, pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act (the "ADA"); and 42 U.S.C. § 12101 (the "No Child Left Behind Act").[1] Plaintiff alleges defendants discriminated against P.E. on account of his race and disability, and deprived him of due process and other educational support.[2]

---

[1] Plaintiff commenced this action against defendants the City of Mount Vernon, the School Board of Mount Vernon, the County of Putnam, and Nicole Murphy and Penny Beckman, in their official and individual capacities. (Doc. #2 ("Compl.")). On December 10, 2019, the Court ordered the Clerk of Court to add PNW BOCES as a defendant, and to replace the "School Board of Mount Vernon" with the "Mount Vernon City School District." (Doc. #5 at 2). The Court further directed service on PNW BOCES, the District, and defendants Murphy and Beckman. (See id.). However, because there was no indication in the complaint that the City of Mount Vernon or the County of Putnam were proper defendants, these parties have not been served.

[2] The words "504 Section," "IDEA," and "FAPE" are also handwritten on plaintiff's complaint. (See Compl.). However, because claims pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq., and Section 504 of the Rehabilitation Act of

1

Now pending is defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). (Doc. #12).

For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.[3]

The claims arise from plaintiff's son's alleged suspension from Fox Meadow Middle School/High School (the "School"), operated by defendant PNW BOCES. Plaintiff alleges that her son P.E. has been classified as disabled since birth.

Specifically, plaintiff alleges that on November 9, 2016, P.E.—who was sixteen years old at the time and a student at the School—was questioned by defendant Beckman, a psychologist. (See Compl. ¶ 12). Plaintiff further alleges P.E. divulged unspecified information to Beckman, who shared such information with defendant Murphy. According to plaintiff, as a result, P.E. was suspended from the School.

---

1973 ("Section 504"), 29 U.S.C. §§ 794 et seq., are not plausibly alleged on the face of the complaint, the Court declines to address the handwritten notations.

[3]   Because plaintiff is proceeding pro se, the Court also considers allegations made for the first time in plaintiff's opposition to the motion to dismiss. See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Plaintiff alleges defendants "did not provide any notice of a suspension hearing . . . as required." (Compl. ¶ 15).[4]  Indeed, plaintiff alleges P.E.'s education was terminated without: "(i) Notice; (ii) Manifestation Hearing and/or (iii) a[n] administrati[ve] [h]earing where evidence, testimony and witnesses could be presented by the Plaintiff." (Doc. #25 ("Pl. Mem.") ¶ 7).  Plaintiff further alleges defendants did not follow the educational standards for disabled students and did not provide "any school activities or home tutoring," which plaintiff alleges were required.  (Compl. ¶ 19).  Accordingly, plaintiff alleges defendants violated her son's rights and caused him to suffer "psychological harm, depression, and anxiety." (Id. ¶ 23).

## DISCUSSION

I.  Standard of Review

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).[5]  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011).  The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists.  Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences

---

[4] Although the complaint refers to P.E.'s mother Terri Simmons as plaintiff (see, e.g., Compl. ¶¶ 15, 17), there are several references to P.E. as the plaintiff in the complaint as well (see, e.g., Compl. ¶¶ 10, 16, 22, 23, 25).

[5] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143.  "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).  When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the Court should consider the Rule 12(b)(1) challenge first.  Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

II.     Plaintiff's Representation of P.E.

Defendants argue plaintiff, a non-attorney pro se litigant, cannot pursue claims on behalf of her son.

The Court agrees.

"A litigant in federal court has a right to act as his or her own counsel." Cheung v. Youth Orchestra Found., 906 F.2d 59, 61 (2d Cir. 1990) (citing 28 U.S.C. § 1654).  "The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause."  Id.  However, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."  Id.  This is because the choice to appear pro se is not a true choice for minors who, under state law, cannot determine their own legal actions.  Id. (citing Fed. R. Civ. P. 17(b)).

Minor children "are entitled to trained legal assistance so their rights may be fully protected."  Cheung v. Youth Orchestra Found., 906 F.2d at 61.  Thus, the "court has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child."  Fauconier v. Comm. on Special Educ., 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003), aff'd sub nom. Fauconier v. Comm. on

4

Special Educ., 112 F. App'x 85 (2d Cir. 2004) (summary order).  However, "a parent is entitled to represent himself when claiming that his own rights under the IDEA have been violated."  Id.

Here, plaintiff's first, second, third, and fifth causes of action contain claims that exclusively concern P.E.'s rights.  These counts assert claims for race and disability discrimination pursuant to Section 1983, the ADA, and the No Child Left Behind Act.[6]  Such claims belong to P.E. and P.E. alone.  Because plaintiff does not claim to be an attorney, she cannot bring such claims, on behalf of P.E., without counsel.  See Fauconier v. Comm. on Special Educ., 2003 WL 21345549, at *1.  Accordingly, to the extent plaintiff brings claims belonging to her son, those claims must be dismissed without prejudice.

In Count Four, plaintiff claims:  "The City of Mount Verno[n] was required by law to provide tutoring services and other educational requirements for students out of school for over 5-10 days." (Compl. ¶ 32).  Although a closer call, a liberal reading of this claim does not suggest plaintiff has a claim, independent of P.E., that she is asserting on her own behalf.  Plaintiff's complaint alleges only that such services were not provided to P.E.  Like the other claims discussed above, the alleged deprivation identified in Count Four is P.E.'s claim:  that P.E. was not provided tutoring and other services.  Thus, this claim too must be dismissed.[7]

---

[6]   To the extent plaintiff asserts claims on behalf of P.E. under the No Child Left Behind Act, such claims must also be dismissed because that law does not contemplate a private right of action.  See Horne v. Flores, 557 U.S. 433, 456 n.6 (2009) ("NCLB does not provide a private right of action").

[7]   Although in the complaint plaintiff alleges "Defendant[s'] did not provide any notice of a superintendent hearing to Plaintiff[] Terri Simmons, as required" (Compl. ¶ 15), and "Defendant[s] Mount Vernon Board of Education and Murphy did not provide Plaintiff any notices or preparation for her child" (id. ¶ 18), even a liberal reading of the complaint does not support a finding that plaintiff is pursuing claims on her own behalf.

Accordingly, plaintiff's claims on behalf of P.E. must be dismissed without prejudice.

III.     Appointment of Counsel

In her opposition to defendants' motion, plaintiff argues the Court should appoint pro bono counsel.

The Court declines to do so.

The factors to be considered in ruling on an indigent plaintiff's request for pro bono counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel.  See Hodge v. Police Officers, 802 F.2d 58, 60–62 (2d Cir. 1986).  Of these, the "merits of the case" is "[t]he factor [that] command[s] the most attention."  Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

Given the problems with plaintiff's submission on behalf of her son, the Court denies plaintiff's request for the appointment of pro bono counsel without prejudice.  Such application is not fully developed and was made for the first time in opposition to the motion to dismiss.  At this time, plaintiff has not set forth a sufficient basis for the Court to request that a volunteer attorney represent her in this matter.  See 28 U.S.C. § 1915(e)(1); Cooper v. A. Sargenti Co., 877 F.2d at 172.

Moreover, to the extent plaintiff seeks pro bono representation on P.E.'s behalf, such request is also improper.  Plaintiff's son is now of legal age, and therefore no longer a minor under New York law.  See N.Y. C.P.L.R. 105(j).  And plaintiff has not set forth a basis to evaluate whether P.E. should be appointed a guardian ad litem due to incompetency. Accordingly, the Court need not evaluate plaintiff's request for pro bono counsel to serve on P.E.'s behalf.  Cf. Schuppin v. Unification Church, 435 F. Supp. 603, 605 (D. Vt.), aff'd, 573

F.2d 1295 (2d Cir. 1977) ("Since their daughter is an adult, the[ parents] have standing to initiate a suit in her behalf . . . only if she is incompetent to do so herself.  Indeed if she is in fact incompetent, and within its jurisdiction, the Court should appoint a guardian ad litem or next friend to protect her interests.") (citing Fed. R. Civ. P. 17(c)).

Accordingly, plaintiff's application for the appointment of pro bono counsel is denied without prejudice.[8]

IV.     Leave to Amend

Plaintiff argues she should be granted leave to amend her complaint.

The Court agrees.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim."  Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000).  District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Here, because a liberal reading of the complaint indicates valid claims might be stated on behalf of plaintiff's son, P.E., the Court grants plaintiff leave to file an amended complaint so long as she makes an application to be appointed guardian ad litem for P.E. and obtains counsel for any claims brought on P.E.'s behalf.  Indeed, in her opposition, plaintiff "den[ies] defendant[s'] assertion that her disable[d] child is now old enough to bring the matter on his

---

[8] The Court also denies without prejudice plaintiff's request to stay the proceedings due to the COVID-19 pandemic, which was raised for the first time in opposition to the motion.  (See Pl. Mem. ¶ 30).  Plaintiff has put forward no basis for such application.

7

own.  Especially when the disability determined and evaluated for the child [cannot] support this assertion."  (Pl. Mem. ¶ 22).  Thus, if plaintiff insists on representing P.E.'s interests in this action due to P.E.'s alleged incompetency, she must make an application to the Court for such an appointment.  See Fed. R. Civ. P. 17(c).

In addition, if plaintiff has claims of her own that she did not pursue in this complaint, she is granted leave to amend the complaint to pursue those claims.  Such claims may, of course, be litigated pro se.

Finally, to the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order.  The amended complaint will completely replace, not supplement, the prior complaint.  Therefore, plaintiff must include in the amended complaint all information necessary for her claims.

Accordingly, the Court grants leave for plaintiff to amend the complaint to the extent she brings claims on her own behalf and/or is appointed guardian ad litem, and retains counsel, to pursue claims on behalf of P.E.

## CONCLUSION

Defendants' motion to dismiss is GRANTED.  However, plaintiff is granted leave to file an amended complaint, in accordance with the instructions above.

Plaintiff shall file her amended complaint by no later than December 9, 2020.  If plaintiff fails to file an amended complaint, or seek additional time to do so, by December 9, 2020, the Court may deem plaintiff to have abandoned this case and enter judgment dismissing same.

The Clerk is directed to terminate the motion.  (Doc. #12).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: September 9, 2020
   White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge