UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TERRI SIMMONS,
           Plaintiff,

v.

CITY OF MOUNT VERNON; COUNTY OF      **ORDER**
PUTNAM; NICOLE MURPHY; in her official
and individual capacities; PENNY BECKMAN,   19 CV 10388 (VB)
in her official and individual capacities;
PUTNAM/NORTHERN WESTCHESTER
BOARD OF COOPERATIVE EDUCATIONAL
SERVICES; and MOUNT VERNON CITY
SCHOOL DISTRICT;
           Defendants.
--------------------------------------------------------------x

     On September 9, 2020, the Court issued an Opinion and Order granting defendants' motion to dismiss the complaint, and granting plaintiff, who is proceeding pro se and in forma pauperis, leave to amend the complaint. A copy of that Opinion and Order was mailed to plaintiff. The Opinion and Order stated, "If plaintiff fails to file an amended complaint, or seek additional time to do so, by December 9, 2020, the Court may deem plaintiff to have abandoned this case and enter judgment dismissing the same." (Doc. #30 at ECF 8).[1]

     By separate Order dated September 10, 2020, the Court encouraged plaintiff to consult the New York Legal Assistance Group (NYLAG) Legal Clinic for Pro Se litigants regarding the matters discussed in the Opinion and Order. (Doc. #31). The Court mailed to plaintiff a copy of the September 10, 2020, Order and the NYLAG flyer.

     On December 9, 2020, the Court received a letter from Annette M. Totten, Esq., stating that she had been retained to file an amended complaint on behalf of plaintiff and requesting an extension of time to do so. (Doc. #32 at ECF 2-3). Because the Court typically does not consider applications or requests from counsel who have not entered a notice of appearance on behalf of a party in a case, the Court did not expressly grant the request in Ms. Totten's letter. Nevertheless, in light of plaintiff's pro se status, the Court sua sponte extended plaintiff's time to file an amended complaint to January 8, 2021.

     Plaintiff failed to meet the January 8, 2021, deadline. On January 25, 2021, because plaintiff had not filed an amended complaint and Ms. Totten had not entered a notice of appearance on behalf of plaintiff, and in consideration of plaintiff's pro se status, the Court

---

[1]     "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

issued another order <u>sua sponte</u> extending to February 26, 2021, plaintiff's time to file an amended complaint, either <u>pro se</u> or through counsel. (Doc. #33). In the Order, the Court stated the following:

> **This is the final extension. If plaintiff fails to file an amended complaint, or seek additional time to do so, by February 26, 2021, the Court will deem plaintiff to have abandoned this case and enter judgment dismissing same.**

(<u>Id</u>.).

On February 22, 2021, the Court received a letter from Danielle Goddard dated February 21, 2021. (Doc. #34). Ms. Goddard purports to be plaintiff's son's caseworker from CHOICE of New Rochelle. Ms. Goddard states that she is providing assistance for plaintiff and her son and requests an extension of time on behalf of plaintiff for plaintiff to file an amended complaint. It is inappropriate for a nonparty nonlawyer to make a request on behalf of a party to a case. Thus, the Court will not consider Ms. Goddard's Letter.

Accordingly, it is HEREBY ORDERED:

Although plaintiff has had nearly six months to file an amended complaint, the Court for the last time <u>sua sponte</u> extends to **March 24, 2021**, plaintiff's time to file an amended complaint, either <u>pro se</u> or through counsel. **<u>To be clear: This is the final extension. If plaintiff fails to file an amended complaint by March 24, 2021, the Court will deem plaintiff to have abandoned this case and will enter judgment dismissing the case for failure to prosecute and to comply with Court orders.</u>** <u>See</u> Fed. R. Civ. P. 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purposes of an appeal. <u>Cf</u>. <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket, as well as to Ms. Totten.

Dated: February 24, 2021
       White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge