UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TERRI SIMMONS, individually and on behalf :
of her son, P.E., :
                      Plaintiff, :
v. :
  :
PUTNAM/NORTHERN WESTCHESTER : **OPINION AND ORDER**
BOARD OF COOPERATIVE EDUCATIONAL :
SERVICES; MOUNT VERNON CITY : 19 CV 10388 (VB)
SCHOOL DISTRICT; NICOLE MURPHY, in :
her official and individual capacities; and :
PENNY BECKMAN, in her official and :
individual capacities, :
                      Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Terri Simmons, proceeding pro se and in forma pauperis, brings this action on behalf of herself and her son ("P.E."), a former student at Fox Meadow Middle School/High School (the "School"), against defendants Putnam/Northern Westchester Board of Cooperative Educational Services ("PNW BOCES") and Mount Vernon City School District (the "District"), both of which operate the school; School psychologist Nicole Murphy; and School principal Penny Beckman. Plaintiff alleges defendants discriminated against P.E. on account of his race and disability and deprived both plaintiff and P.E. of due process and other educational support.[1]

      Now pending is defendants' motion to dismiss the amended complaint (Doc. #36 ("AC")) pursuant to Rule 12(b)(1) and Rule 12(b)(6). (Doc. #38).

---

[1] Plaintiff also names as defendants in the amended complaint the County of Putnam and the City of Mount Vernon, neither of which have been served or represented by counsel in this action. Both municipal defendants were previously named in the original complaint (Doc. #2), but were not served at that point because there was no indication in the complaint that either municipal defendant was a proper defendant. Similarly, because the amended complaint alleges no new facts indicating either municipal defendant is a proper defendant, neither party has been served.

1

For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted leave to file a second amended complaint, as specified below.

**BACKGROUND**

The Court presumes the parties' familiarity with the factual background and summarizes only the relevant factual allegations and procedural history below.

In her initial complaint, plaintiff asserted a number of causes of action against defendants on behalf of P.E. arising out of defendant Beckman's alleged disclosure of unspecified confidential conversations held with P.E. at the School, in Beckman's capacity as School psychologist; and the resultant alleged suspension of P.E. from the School by defendant Murphy on or around November 9, 2016, without proper notice to plaintiff or P.E. or the opportunity for plaintiff to present evidence on P.E.'s behalf.

In an Opinion and Order dated September 9, 2020, the Court dismissed plaintiff's complaint in its entirety, concluding plaintiff's claims exclusively concerned P.E.'s rights and were thus barred by "the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child." (Doc. #30 at 4). The Court also denied plaintiff's request to seek pro bono representation on P.E.'s behalf because P.E. is now of legal age, and plaintiff therefore can only pursue claims on P.E.'s behalf if appointed "guardian ad litem or next friend." (Id. at 6–7). Nevertheless, the Court granted plaintiff leave to "amend the complaint to the extent she brings claims on her own behalf and/or is appointed guardian ad litem, and retains counsel, to pursue claims on behalf of P.E." (Id. at 8).

On March 2, 2021, plaintiff filed an amended complaint, on her own behalf and on behalf of P.E., again without retaining counsel or being appointed P.E's guardian ad litem. The amended complaint is purportedly signed by Annette M. Totten, Esq., but Ms. Totten never filed

a notice of appearance in this action. And in a letter dated March 29, 2021, Ms. Totten advised the Court she only "helped [plaintiff] with the amended complaint," had "no intentions of being the attorney of record," and would not be representing plaintiff going forward. (Doc. #43).

In the amended complaint, plaintiff largely restates the allegations made in her original complaint, and further alleges:

(i)  Defendant Beckman, under direction from defendant Murphy, improperly questioned P.E. in her capacity as school psychologist to elicit "evidence" proving P.E. was the owner of unspecified "contraband [that] was found next to [P.E.'s] school chair." (AC ¶¶ 12–13).

(ii)  The District and PNW BOCES failed to equip defendants Beckman and Murphy with sufficient diversity training.

(iii)  Plaintiff and P.E. attempted to visit the School shortly after P.E. was suspended, at which point defendant Murphy summoned law enforcement to escort plaintiff and P.E. off the School premises, warning them not to return.

(iv)  On January 9, 2017, plaintiff filed a demand for an administrative due process hearing with the District and PNW BOCES to challenge the disciplinary action taken against P.E. (See Doc. #46 at 1).[2] On March 10, 2017, plaintiff executed a settlement agreement with both parties "in lieu of proceeding to an impartial hearing," a copy of which was attached to defendants' motion to dismiss the

---

[2]  Because plaintiff is proceeding pro se, the Court also considers allegations made for the first time in plaintiff's opposition to the motion to dismiss. See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

3

amended complaint. (See Doc. # 39-2 ("Smith Decl.") Ex. B ("Settlement Agreement")). Under the Settlement Agreement, plaintiff waived any claims regarding P.E.'s suspension and his educational support as to the District, while reserving the right to assert such claims against PNW BOCES.[3]

Liberally construed, the amended complaint asserts claims on behalf of P.E. under the Individuals with Disabilities Education Act ("IDEA"); Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act ("Section 504"); and 42 U.S.C. § 1983, based on violations of P.E.'s constitutional rights to procedural and substantive due process and equal protection.[4] The amended complaint also appears to assert claims on behalf of plaintiff in her individual capacity under the IDEA; ADA; and Section 504; and under Section 1983 for violations of the IDEA.

## DISCUSSION

I. Subject Matter Jurisdiction

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks

---

[3] Plaintiff concedes filing the underlying January 9, 2017, demand, but neither party has attached that document to their submissions.

[4] Plaintiff also references the No Child Left Behind Act, but as stated in the September 9, 2020, Opinion and Order, that law "does not contemplate a private right of action." See Horne v. Flores, 557 U.S. 433, 456 n.6 (2009).

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011).  The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists.  Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor."  Conyers v. Rossides, 558 F.3d at 143.  "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn."  Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the Court should consider the Rule 12(b)(1) challenge first.  Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).  And when a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings."  Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

II.     Plaintiff's Claims on Behalf of P.E.

Defendants argue plaintiff lacks standing to bring any of the claims on behalf of P.E. enumerated above because she continues to proceed pro se and has not been appointed guardian ad litem.

The Court agrees.

In its Opinion and Order dated September 9, 2020, the Court directed plaintiff to satisfy two conditions before asserting claims on behalf of P.E:  (i) retain counsel and (ii) be appointed guardian ad litem.

5

As discussed in the September 9 Opinion and Order, the "[C]ourt has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child." Fauconier v. Comm. on Special Educ., 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003). This rule generally requires an attorney to file a notice of appearance on behalf of the child. See, e.g., Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 286 (2d Cir. 2005) (staying consideration of appeal with respect to claims on behalf of a child until "counsel [for the child] files an appearance for him").

Here, plaintiff has not retained counsel: the attorney whose signature purportedly appears on the amended complaint has not filed an appearance in this case and has since disclaimed any future representation of plaintiff in the course of this lawsuit.

Moreover, even if the Court determined that plaintiff indeed retained counsel, there is no indication that plaintiff has been appointed guardian ad litem.

Accordingly, because plaintiff has failed to satisfy either condition required by the Court to bring claims on behalf of P.E., all claims on behalf of P.E. must be dismissed.[5]

III.   Plaintiff's Individual IDEA Claims

Liberally construed, the amended complaint asserts claims on behalf of plaintiff in her individual capacity for violations of certain procedural and substantive rights under the IDEA, including "[p]arental rights to participate in the child's education and disciplinary proceedings" and a "depriv[ation] of treatment for learning and psychological evaluation [for P.E.], resulting

---

[5] To the extent the amended complaint asserts a claim under Section 1983 based on a denial of due process regarding P.E.'s suspension, any such claim must be dismissed for lack of standing. See Patrick v. Success Acad. Charter Sch., Inc., 354 F. Supp. 3d 185, 208 (E.D.N.Y. 2018) (parent in his or her individual capacity lacks standing to bring claims for the deprivation of the constitutional rights of the child).

in depression and anxiety without any counseling or home tutoring, as required under [IDEA]." (AC ¶ 34).[6]

Defendants argue the Court lacks subject matter jurisdiction to consider plaintiff's IDEA claims because plaintiff has failed to exhaust her administrative remedies.

The Court agrees.

A.   Legal Standard

The IDEA was enacted to promote the education of disabled children.  See Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 179 (1982).  States receiving public funds are required to provide a "free appropriate public education" ("FAPE") to children with disabilities.  20 U.S.C. § 1412(a)(1)(A).  Public school districts must provide "special education and related services tailored to meet the unique needs of a particular child, [which are] 'reasonably calculated to enable the child to receive educational benefits.'"  Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 122 (2d Cir.1998) (quoting Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. at 207).  These services are determined by a student's individualized education plan ("IEP"), which school districts must develop periodically in collaboration with the child's parents.  See 20 U.S.C. § 1414(d)(2)(A).

In New York, if the parents disagree with any part of the IEP process under the IDEA—including a change in a student's placement as a result of suspension or expulsion—they may request an impartial due process hearing, which is administered by an Impartial Hearing Officer

---

[6] "IDEA grants parents, independent, enforceable rights," which "encompass the entitlement to a free appropriate public education for the parents' child," including both "procedural and reimbursement-related rights" and "the substantive adequacy of the education provided to a child."  Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 531–33 (2007).

7

("IHO") appointed by the local board of education. See 20 U.S.C. § 1415(f); N.Y. Educ. Law § 4404(1)(a). The IHO's decision may be appealed to a State Review Officer ("SRO") at the State Education Department. See N.Y. Educ. Law § 4404(2); see also 20 U.S.C. § 1415(g). The SRO's decision may, in turn, be challenged in state or federal court. See 20 U.S.C. § 1415(i)(2)(A).

It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies discussed above before bringing a civil action in court, J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 112 (2d Cir. 2004) (citing 20 U.S.C. § 1415(i)(2)), a requirement the Second Circuit has long held to be jurisdictional. See, e.g., Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 245 (2d Cir. 2008) ("Failure to exhaust the administrative remedies [of the IDEA] deprives the court of subject matter jurisdiction."). Moreover, the IDEA's exhaustion requirement applies whenever the relief sought by a plaintiff is available under the IDEA, "regardless of the statutory basis" of the complaint. Id. at 246.

Nevertheless, the exhaustion requirement is excused in the rare circumstance "when exhaustion would be futile because the administrative procedures do not provide an adequate remedy." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d .at 112. Courts within this Circuit have found exhaustion futile (i) when plaintiffs challenge "systemic violations," see id. at 113 (collecting cases), or (ii) when defendants "failed to implement services that were specified or otherwise clearly stated in an IEP." Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 489 (2d Cir. 2002). In addition, the exhaustion requirement will be excused in instances when the parents are not notified of their rights under the IDEA. Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 149 (2d Cir. 2002). "This is so because the failure to notify plaintiffs of their procedural rights under the IDEA deprives them of the opportunity to

8

take advantage of the procedural safeguards offered by the statute." Id. The plaintiff bears the burden of demonstrating futility. J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d at 112.

B.   Analysis

Here, plaintiff has not rebutted defendants' contention that she failed to exhaust the administrative remedies available to her regarding her IDEA claims. Nor has plaintiff supplied any plausible allegations suggesting sufficiently "systemic" violations such that pursuing the administrative remedies would have been futile. Indeed, plaintiff's concession that she filed a request for an administrative hearing with the District and PNW BOCES regarding P.E.'s suspension—which she settled before participating in the hearing —reinforces that plaintiff was, in fact, aware of "the opportunity to take advantage of the procedural safeguards offered by the [IDEA]." See Weixel v. Bd. of Educ. of City of New York, 287 F.3d at 149.[7]

Accordingly, any IDEA claims brought by plaintiff in her individual capacity under either IDEA itself or under Section 1983 must be dismissed for failure to exhaust administrative remedies without an appropriate excuse or exception.

IV.   Plaintiff's Individual ADA and Section 504 Claims

Defendants argue any claims asserted by plaintiff in her individual capacity under the ADA and Section 504 must be dismissed for failure to state a claim.

The Court agrees such claims must be dismissed, but for a lack of subject matter jurisdiction under Rule 12(b)(1).

---

[7]   To the extent plaintiff's IDEA claims concern the District's alleged deprivation of P.E.'s procedural rights in advance of his suspension or the District's alleged denial of tutoring or other educational services for plaintiff, such claims are independently precluded by the Settlement Agreement itself, which "resolves all of the disputes between [plaintiff and the District] regarding [the alleged failure to provide P.E. with procedural due process protections] and [P.E.'s] educational program for the 2016-2017 school year." (See Smith Decl. Ex. B).

9

Claims brought under the ADA and Section 504 are subject to the IDEA's exhaustion requirement when "the gravamen of a complaint against a school concerns the denial of a FAPE." See Rutherford v. Fla. Union Free Sch. Dist., 2019 WL 1437823, at *31 (S.D.N.Y. Mar. 29, 2019) (quoting Fry v. Napoleon Cmty. Schs., 137 S. Ct. 743, 756 (2017)). Courts in this Circuit applying this test have analyzed, among other things, whether "the plaintiff's complaint explicitly allege[s] that defendants violated the IDEA by failing to provide plaintiff with a FAPE," or, whether, on the other hand, the "vast majority of allegations, and thus the gravamen of the complaint, concern[s] intentional discrimination and retaliation." Id. (analyzing cases).

Here, the amended complaint is replete with allegations referencing defendants' alleged deprivation of a FAPE under the IDEA, such that the "gravamen" of the complaint is a denial of the FAPE as a result of P.E.'s suspension, and not intentional discrimination or retaliation. (See, e.g., AC ¶¶ 13–16, 18–19, 23–27, 35, 44).

Accordingly, any claims asserted by plaintiff in her individual capacity under the ADA and Section 504 must be dismissed on the same grounds as the IDEA claims discussed above.[8]

V.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication a valid claim might be stated."

---

[8]     Because the Court concludes it lacks subject matter jurisdiction over plaintiff's ADA and Section 504 claims, it declines to address whether such claims are plausibly alleged under Rule 12(b)(6).

Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). But "a futile request to replead should be denied." Id. "Plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend." Jeanty v. Newburgh Beacon Bus Corp., 2018 WL 6047832, at *12 (S.D.N.Y. Nov. 19, 2018).

Here, the Court previously granted plaintiff leave to amend her complaint—with respect to claims brought on behalf of P.E.—after granting defendants' motion to dismiss plaintiff's original complaint. Indeed, the Court specifically identified the two deficiencies plaintiff would need to address in order to assert claims on behalf of P.E.: retaining counsel and being appointed guardian ad litem. Plaintiff failed to address either deficiency and "has not suggested [s]he . . . would cure the deficiencies identified in this opinion." Jeanty v. Newburgh Beacon Bus Corp., 2018 WL 6047832, at *12.

Accordingly, the Court declines to grant plaintiff leave to amend a second time <u>respecting her claims brought on behalf of P.E.</u>

However, because a liberal reading of the amended complaint indicates valid claims under the IDEA, ADA, Section 504, and Section 1983 <u>might</u> be stated on behalf of plaintiff herself in her individual capacity, plaintiff is granted leave to file a second amended complaint to pursue those claims only, <u>to the extent plaintiff adequately alleges she exhausted her administrative remedies under the IDEA or that exhaustion would have been futile or otherwise excused</u>.

Finally, to the greatest extent possible, plaintiff's second amended complaint must address the deficiencies identified in this Opinion and Order. The second amended complaint will completely replace, not supplement, the prior complaint. Therefore, plaintiff must include in the second amended complaint all information necessary for her claims.

Accordingly, the Court grants leave for plaintiff to file a second amended complaint <u>only</u> to the extent she brings claims on her own behalf addressing the deficiencies identified in this Opinion and Order.

## CONCLUSION

Defendants' motion to dismiss the amended complaint is GRANTED. However, plaintiff is granted leave to file a second amended complaint, in accordance with the instructions above.

Plaintiff shall file her second amended complaint by no later than March 2, 2022. If plaintiff fails to file a second amended complaint, or seek additional time to do so, by March 2, 2022, the Court may deem plaintiff to have abandoned this case and enter judgment dismissing same.

The Clerk is directed to terminate the motion. (Doc. #38).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: January 31, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

12