THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

TERRI SIMMONS, Parent & Guardian
                                    Plaintiffs,
                         -against-

THE CITY OF MOUNT VERNON;
MOUNT VERNON CITY SCHOOL DISTRICT
SUPERINTENDENT; FELECIA GAON, DIRECTOR
OF SCHOOL SERVICES; THE COUNTY OF PUTNAM;
PUTNAM/NORTHERN WESTCHESTER BOARD
OF EDUCATIONAL SERVICES; NICOLE MURPHY
AND PENNY BECKMAN; NEW YORK STATE
DEPARTMENT OF EDUCATION; NEW YORK
STATE BOARD OF REGENTS; MICHELE FRET;
SHELLEY-EINBINDER FLEISCHMANN, SPECIAL
EDUCATION DIRECTOR PUTNAM COUNTY,

  All Defendants in their official and individual
capacity

                              Defendants.
----------------------------------------------------------X

**AMENDED COMPLAINT**
**Civil Rights No. 19 CV 10388 (VB)**

<u>**Jury Trial Demanded**</u>



### <u>Preliminary Statement</u>

      (A) Plaintiffs bring this action to seek redress for Defendants' pervasive failure to meet their obligation to provide a free appropriate public education ("FAPE"); the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and New York Education Law § 4002 et seq. ("N.Y. Educ. Law § 4002") and the American Disability Act (ADA) Title 42   of the U.S.C.A section 12101; discriminatory treatment, and pursuant to the Civil Rights violations under Title 42 section 1983. When defendants, acting together, failed to implement their legal obligations to notify the Plaintiff/Parent of a disable child and/or guardiance counselors before imposing the FIVE DAYS suspension.   Defendant Beckman, disclosure of the confidential questioning and answers from Plaintiff's son to   Defendant Murphy, was an ethnical breach of professionalism and the privacy act in violation of   the law without consent from the parent/Plaintiff.   Defendants failure to follow their own rules contribute to Plaintiff's prejudice and discriminatory treatment.   Defendant's subsequently expelled the child without affording the Plaintiff/parent a written notice of their intent within 24 hours as required by legal proceedings (Education Law section 3214[3][b][1]; 8 NYCRR 100.2[1][4]). Plaintiffs' right to a fair hearing with reasonable notice which would include enough information to prepare an effective defense was not properly administered in accordance with the provisions of FAPE and IDEA.   Defendants failure to

adhere to the guidelines and procedures implement   into law by the United States Department of Education for disable students/parents violated Plaintiff's rights   to due process and equal protection of the law. Defendant's failure to follow the FAPE and IDEA procedures. Instead subjected Plaintiff's to their own interpretation of the legal proceedings for students as opposed to classified students with disabilities. Defendants failure to incorporated Plaintiff's impute and presentation of medical and mental health records was in violation of Federal and State laws. Plaintiff was deprived of equal protection and due process when Plaintiff was not notified of available school services for her child during suspension. The defendant's placement of Plaintiff's child into a Public High school without Plaintiff's consent.   Defendant's discriminated against the Plaintiff and in violation of Due Process. Defendant's at no time adequately provided the statutory notices and notifications to the Plaintiff the legal rights afforded to the Parents of disable children for redress. Plaintiff parental rights to practicipate in her child education was destroyed by the defendants and continue to have crucial affects to the Plaintiff trust and fiduciary obligation entrusted to the education department personal and system for the disabled parents such as the Plaintiff.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, in that claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a), in that claims are asserted under laws providing for the protection of civil rights and title 42 section 1983; and under 20 U.S.C. § 1415(i)(2) & (3) and 29 U.S.C. § 794(a). This Court has supplemental jurisdiction over all state law claims herein asserted under 28 U.S.C. § 1367, and as such, state law claims form part of the same case or controversy as the claims for which this Court has original jurisdiction.

2. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) because the NY SED operates in this judicial district, Defendant City of Mount Vernon and Putnam County principal place of business is in this district, and a substantial part of the Defendants' systemic and policy decisions giving rise to Plaintiffs' claims occurred within the judicial district      .

3. If successful, Plaintiffs are entitled to costs and attorney's fees under 20 U.S.C. § 1415(i)(3) and 29 U.S.C. § 794a(a)(2).

### Parties

4. The Plaintiffs **TERRI SIMMONS, a parent and guardian** at all times    resided in the County of Westchester, State of New York.

5. Defendant **City of Mount Vernon** is   a municipality incorporated in the   county of Westchester, State of New York and is being sued as the Executive Official for the City of Mount Vernon.

6. Defendants **MOUNT VERNON CITY SCHOOL DISTRICT SUPERINTENDENT** is an employed official for the City for Mount Vernon School District, and is sued in their individual and official capacity.

7. Defendant **THE COUNTY OF PUTNAM** is   a municipality incorporated in the State of New York and is being sued as the Executive Official for the **THE COUNTY OF PUTNAM**.

8. Defendant **PUTNAM/NORTHERN WESTCHESTER BOARD OF EDUCATIONAL SERVICES (PNW BOCES)** is a municipality department for the County of Putnam and incorporated by the State of New York.

9. Defendant **NICOLE MURPHY,** the superintendent of Fox Meadow School in the County of Putnam, is sued in her individual and official capacity.

11.  Defendant **PENNY BECKMAN,** at all times relevant was the School Psychologist for Fox Meadow in the County of Putnam and is sued in her individual and official capacity.

12.  Defendant **NEW YORK SPECIAL EDUCATION DEPARTMENT**Y, along with the **NEW YORK SPECIAL EDUCATION BOARD OF REGENTS**   ("the Board of Regents"), is the official body charged with the responsibility of developing policies concerning the administration and operation of the public schools in the State of New York, including programs and services for students with disabilities in New York City. 20 U.S.C. § 1412(a)(11). NY SED is a state government entity in Albany, with its principal place of business located at 89 Washington Avenue, Albany, New York 12234.

13. Defendant **FELICIA GAON**, at all times mentioned was the director of school services for Mount Vernon School District, County of Westchester, State of New York and is sued in her individual and official capacity

14. Defendant **MICHELE FRET**, at all times mentioned was the suspervisor of Specil Education, for the Mount Vernon Nellie A. Thorton High School, County of Westchester, State of New York and is sued in her individual and official capacity

Defendant **SHELLEY-EINBINDER FLEISCHMANN,** at all times mentioned was the Director of Special Education for Defendant's Putnam/Northern Westchester Boces and is sued in her individual and official capacity.

### FACTS

15. Plaintiff Simmon's at all times mentioned herein was the parent and guardian of a disable child enrolled at Putnam/Northern Westchest Boces Fox Meadow Special Education School and Mount Vernon Department of Education for the State of New York Department of Education.

16.   On November 9, 2016, Defendant Murphy suspended Plaintiff's child for a period of FIVE DAYS  starting   on (11/14, 11/15, 11/16, 11/17 and 11/18 of 2016) without notification to Plaintiff/parent as required by lawful procedures and before conducting a informal conference pursuant to due process. (see first class letter overnight delivery dated November 9, 2016 received November 14, 2016).

17. Defendant Murphy further requested a superintendent hearing from Defendant's Mount Vernon School District Superintendent alleging student Code of Conduct violations V I.C.B and VI.D.1f. Before allow Plaintiff child back into special education school.

18. At no time was Plaintiff provided due process from Defendant's School District for continual educational service for the disable pending superintendent hearing.

19. Defendants violated FAPE and IDEA procedural guidelines when they, together and collectively attempted to cover up Plaintiff's right to notification and the procedural guidelines that suspension for FIVE DAYS WAS ended on November 14, 2016. Instead, defendant Murphy discriminated

against Plaintiff by adding additional days for a superintendent hearing.

20. On November 15, 2016, Defendant Gaon forward a defective letter as notice of a Superintendent hearing misinforming Plaintiff that: "...in connection with the Principal's letter of school suspension dated November 22, 2016." A hearing date for November 22, 2016 was scheduled at 9 AM.(See attached 11/15/2016 ltr from Mount Vernon School District Felicia Gaon, (DOSS)).

21. Defendant's conduct a superintendent hearing without offering the Plaintiff legal assistance or information from legal services - free of charge.

22. Defendants failed to give notice to Plaintiff to participate in a Manifestation hearing prior to superindent hearing    to determine whether such behavior was outside of the disability reported in the IEP and to allow Plaintiff the right to provide medical and mental health records and doctors in defense of the charges.

23. Plaintiff wrote numerous letters requesting legal assistance and school services from Defendants Board of Education, Department of Education and Mount Vernon School District. (These document will be provided)

24. Defendant's School District held a superintendent hearing without allowing Plaintiff the time to acquire legal assistance. (See Plt ltr dated December 5, 2016)

25. Defendant's superintendent hearing was conducted on different charges as alleged by Defendant Murphy at Fox Meadow School    code of discipline conduct violations without notice to Plaintiff and in violation of due process. (See 11/15/2016 ltr from defendant Gaon)

26. On January 3, 2017, Plaintiff filed a complaint for her disable child to return back to Fox Meadow    Boces and Mount Vernon School District. (See attached)

27. On January 10, 2017, Defendants agent by letter offer "home instruction with certified teachers while looking for new placements." Far past the required time period to offer home services. (Message by IPHONE from Defendant Gaon.

28. Plaintiff was not provided the code of rules for disciplinary actions leading to her child's suspension. Upon information and belief   but was part of a letter from Defendant Murphy to Defendant Hamilton attempting to justify Murphy decision    alleging Plaintiff child suspension was due to section 3214 of New York State Consolidated Laws - Education- Part 1.... subpart 2-a(a) which describe Violent Pupil.

29. Plaintiff filed a complaint against the Mount Vernon School District bus services with the Department of Education Office of Civil Rights for their continual failure to perform their obligatory obligations to picking up disable students from their home's. This matter investigated an a report and findings rendered by the US DOE Office of Civil Rights. (See letter dated Jan. 11, 2011 from US DOE OCR case No 02-17-1089)

30. Plaintiff believe retaliation was a part of the continual deprivation of her parental right to participate in the educational services, disciplinary proceedings and by the defendant's displacement of her son based on a unlawful change of his IEP without her consent and participation.

31. Plaintiff requested for a manifestation before the superintendent hearing and was informed that defendant's had a manifestation hearing without notification the Plaintiff and deprived Plaintiff of the fundamental rights afforded by FAPE and IDEA.

32. The Independent Hearing Officer put an order in for a New Manfestation Hearing, and a Superintendent Hearing prior to making and determination. (See ltr email)

33. Defendant Murphy, upon information provided   via a email to Plaintiff from Defendant's counsel of record stating in part: "...at some point subsequnt to the suspension of the student, PNWBOCES informed the District that the Student could not return to PNWBOCES under any circumstances, notwithstanding PNWBOCES agreement with the District to educate the Student and continued billing of the District for services rendered to the Student. While the Parent is seeking reinstatement to the BOCES program, the District is aware of no authority by which it may compel

BOCES to accept the Student absent an order of a hearing officer or court of competent jurisdiction. Consequently, the relief requested in the haring request shall be rendered moot if BOCESS is relieved from the case. ...".

34. Defendant's by their counsel violated the FAPE and IDEA, when they followed the directions of counsel when he stated: "...the District respectfully requests an order directing the Parent to obtain counsel by a date certain and permitting the District to proceed with the disciplinaryt hearing, whther Parent is represented or not, upon such date. The District also rquests an order permitting it to proceed with a manifestation determination review on such date, again, whether parent is represented or not. ..." (Dated Jan. 24, 2017 8:55 AM from Thomas Scapoli to Karen Norlander Hearing Officer)

35. Defendant BOCES ("PNWB") counsel confidential letter to IHO Norlanders' stated that PNWB is as a matter of law, not a proper party to this proceeding. The law is clear that the parties to due process hearing shall be limited to the parent/guardian/student and the district or State agency directly responsible for providing FAPE is most often the student's district of residence. ...' and he continues by saying: "...However, in cases where a classified student has been privately placed by their parents in a school located within New York, State law provides the District of Location with a duty of FAPE that may be challenged by parents through IDEA's impartial due process hearing process.'...'When an entity that does not owe the student a FAPE (such as PNWB in this case), there is no jurisdictional basis for involuntarily making such entity a party to the proceeding.' ... 'Stated differently an IHO appointed by Mt Vernon simply does not hve the jurisdictional ability to make another school system (particularly one that does not owe the student a duty of FAPE) a party to the proceeding for which such IHO was appointed. ...". (From Michael Lambert, counsel for PNWB, dated January 17, 2017)

36. Defendant's denied Plaintiff the right to seek and obtain counsel and failed to provide counsel to the Plaintiff based upon the nature and allegation of  due process complaint and deprivation of FAPE and IDEA by each defendant's school system.

37. Defendant's failure to inform Plaintiff as a parent or to provide guidance counsel to assist by providing the necessary information to the Plaintiff/parent to proceed with the complaints against the school's failures to provide notice, due process in the disciplinary proceedings and continual school services for Plaintiff's disable child continued education. Defendants dealt with dirty hands and deprived Plaintiffs those fundamental rights afforded all Parents of disable student held in disciplinary proceedings.

38. Defendants, together and collectively discriminated against the Plaintiff when they failed to provide procedural notifications and information that would assist Plaintiff/parents.

39. Defendants deprived plaintiff the right to counsel to be represented at all stages of the school proceedings superintendent, manifestation and the due process hearing.

40. Defendants further denied Plaintiff the right to counsel or guidance during a hearing in which Defendant's Mount Vernon re-evaluated Plaintiff's disable child at Thorton High School for placement by changing his IEP to allow defendants to place Plaintiff child in a public school that did not have the services to provide disable students.(See email from IHO Norlander to defendant Gaon dated January 13, 2017)

41. Plaintiff did not agree to the placement and defendant's did not provide the formal notices that would provide Plaintiff/parent an opportunity to appeal or seek other means of redress of behalf of her disable child pursuant to FAPE and IDEA.

42. Plaintiff complained about the process via letters, emails and telephone calls to defendant Board of Education and directly to Defendant Gaon.

43. Plaintiff requested in writing a review of school records regarding her son education while at Thorton High School and was informed continually that the school does not have the records of education and was not transferred with the student from Defendant PNWB. (letter dated October 30, 2017)

44. Plaintiff was denied the right to submit documentary evaluations from professional doctors and clinical treatment therapist concerning the IEP of her child at Defendant's manifestation hearing, superintendent hearing and the IEP re-evaluation hearing and review.

45. Plaintiff was and remained injuried by defendants deprivation of rights afforded under the law and constitution that guarantee a Parents rights to participate in her child's education and meaning services.

46. Plaintiff's was deprived the rights to participate in her disable child's further education and graduation due to the defendants' deprivation of rights and privileges afforded disable students and their parents for a free affordable public education.

47. Defendants denied Plaintiff's the rights under IDEA of the opportunity to take advantage of the procedural safeguards offered by the statute for disable children and their parents. When the defendant's failed to provide Plaintiff with the proper notifications and information after Plaintiff's complaints by letters, emails and phone calls to defendants.

48. Plaintiff's written complaint for her child returning to PNWB school after 45 days suspension was not answered but put into a legal question without any actions and/or decision.

49. Defendant's did not make a formal recording of the Proceedings held before the Hearing officer in the superintendent proceedings.

50. Defendants did not make a recording of the manifestation hearing and proceedings where a determination was filed in writing. As to what evidence was used to support such determination and what evidence was submitted to make such determination.

51. Plaintiff did not receive a copy of the manifestation hearing determination or any notification directing redress.

52. On February 3, 2017, an Interim order was issued by the IHO regarding complaints made by Plaintiff,  Defendant Mount Vernon School District attorney and PNWB school district attorney It is further ORDERED that upon the issuance of decisions relating to the Student's suspension from school attendance, the parties shall notify me in writing of the resolution. In the event, the Parent elects to amend her Complaint at such time, Ms. Simmons is directed to do so without delay. In the absence of an amendment, whether or not the Parent has secured counsel, by such time, I shall issue a decision on all outstanding requests, including the application for dismissal filed by Mr. Lambert on behalf of PNW BOCES and the application filed by Mr. Scapoli on behalf of the Mt Vernon School District regarding the applicable statute of limitations. (IHO Interim Order dated 2/3/2017)

53. Defendants violated Plaintiffs Rights continually "Ms. Simmons Due Process Complaint, dated January 3, 2017, against the Putnam Northern Westchester BOCES (PWN BOCES) was received by the Mt. Vernon Board of Education on January 9, 2107;"

54. Plaintiff was not provided formal information for legal assistance until the IHO Orlando directed defendant Gaon via e-mail to provide Plaintiff information on January 18, 2017, with an attachment of free and low cost legal services and copy of the procedural safeguards this was not done until February 3, 2017. (See interim order dated 2/3/2017)

55. Defendant Gaon, set a superintendent hearing for February 10, 2017, approximately SEVEN DAYS after providing one address for legal assistance and a copy of the procedural safeguard package. As mentioned by defendant's counsel if Plaintiff did not have legal counsel by then to preceed without legal representation. (sic)

56. These deliberate and indifferent decisions affected Plaintiff's procedural safeguards in making informed decisions and deprived Plaintiff the advantages incorporated in these procedural manuals. Such material and information are maintained by the agents, employees and staff at educational facilities for the Defendants New York State Department of Education.

57. The Defendant's collectively deprived Plaintiff the benefits of legal representation at a period and time necessary for appropriate challenges to the deprivation of educational services and due

process procedure as well as the professionalism in educational law. This is apparent as stated by the hearing officer "Although Ms. Simmons is entitled to an attorney to represent her and her son in a due process hearing and in the pending matter before me, there is no basis to conclude that more time alone will enable Ms. Simmons to do so;" (Interim Order February 3, 2017)

58. Defendant's deprivation of the continual education and services was in violation of Plaintiff's rights pursuant to FAPE and IDEA. As noted by the IHO stating: "In the meantime and as of January 17, 2017, the Student, () has not received any educational services since on or about November 9, 2016." (Interim IHO hearing order dated February 3, 2017)

59. In February 2017, plaintiff obtained temporary counsel, as a last chance for representation based on defendant's counsel, IHO and defendant Gaon actions and statements to proceed with Plaintiff's hearings and proceedings rather Plaintiff obtain counsel or not.

60. Plaintiff counsel made one telephone conference before the IHO and was unable to proceed further due to health issues and individual personal matters as stated on the records

61. Plaintiff due process rights and privileges under FAPE and IDEA were denied causing damages and injury to the Plaintiff.

62. On January 17, 2017   a Prehearing was conference via phone call and several issues was discussed concerning Plaintiff's right to a manifestation hearing held by defendants PNWB on 11/22/2016 and without notice to Plaintiff to participate and offer evidence on behalf of her child. (Prehearing conference dated January 17, 2017)

63. The IHO interim order dated February 3, 2017 stated a new manifestation hearing would be held with notice given to Plaintiff to participate, present documents and evidence regarding student disabilities. (See Interim Order dated February 3, 2017)

64. Plaintiff   Due Process complaint was filed against Defendant PNW Boces on January 3. 2017.

65. Plaintiff amended the Due Process complaint by adding Defendant Mount Vernon on January 17, 2017.

66. Defendant's did not hold a superintendent hearing upon information where Plaintiff was a participant.

67. Defendants Mount Vernon, stipulated an agreement on March 10, 2017 based upon Plaintiff's child unregistered school services and counseling after approximately 90 days without school services. Plaintiff consented to the agreement.

68. The IHO excluded defendants PNWB from the agreement and liability for damages.

69. Plaintiff subsequently disagreed with defendant's Mount Vernon School District when Defendant Gaon attempted to have the IEP changed in order to register Plaintiff disable child into Thorton High. Plaintiff objected at the hearing held because defendants did not have the school records and would not provide a copy of such records to the Plaintiff for review and participation as required my FAPE and IDEA.

70. The stipulated agreement was not forfilled by the Defendants because Plaintiff's was not allowed to participate and disagreed with defendants Mount Vernon School District as listed in the subpart 3(a)(b)(c)(e)(f)(g)(h)(i) as listed in the settlement agreement. (March 10, 2017 Settlement Agreement)

71. Plaintiff's disable child condition did not support Defendant's change to the IEP and to placement in Thorton High School after 5 years of Boces and Special Education services.

72. The agreement stipulated excluded defendant PNWB by stating "Nothing herein shall preclude the parent from asserting any clains against BOCES. (Settlement Agreement at subpart 7)


**AS FOR A FIRST CAUSE OF ACTION**

73. Plaintiffs repeat paragraphs 1-72 as alleged and further alleges.

74. Defendants deprivation of Plaintiff's  rights was in violation of the Individuals with Disabilities Education Act (IDEA), a free appropriate public education ("FAPE"); the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and New York Education Law § 4002 et seq. ("N.Y. Educ. Law § 4002") and the American Disability Act (ADA) Title 42   of the U.S.C.A section 12101; discriminatory treatment, and pursuant to the Civil Rights violations under Title 42 section 1983.

**SECOND CAUSE OF ACTION**

75. Plaintiffs repeat paragraphs 1-72 as alleged and further alleges:

76. Defendant's  actions and conduct together showed discriminatory actions and bais decisions when they, together, failed to follow Educational Department Laws, Protocol and Federal/State procedures that protect the Plaintiffs against deliberate  and indifferent treatment. Including the Plaintiffs race, nationality, class status, disabilities and/or the Parental rights to participate in the child's education and disciplinary proceedings under FAPE and IDEA guidelines and laws.

**THIRD CAUSE OF ACTION**

77.   Plaintiffs repeat paragraphs 1-72 as alleged and further alleges:

78. Defendants   County of Putnam and PUTNAM/NORTHERN WESTCHESTER BOARD OF EDUCATIONAL SERVICES  have failed to provide diversity training at Special Education Learning Facilities for staff, officials and employees which would assure Equal Protection of the Laws, Due Process and procedural guidelines to eliminate discriminatory actions and decisions against people of color, nationality, race and gender in Educational Services and Placments, including Disciplinary proceedings.

**FOURTH CAUSE OF ACTION**

79. Plaintiffs repeat paragraphs 1-72 as alleged and further alleges:

80. Defendants   the City of Mount Vernon and MOUNT VERNON CITY SCHOOL DISTRICT   have failed to provide diversity training at Special Education Learning Facilities for staff, officials and employees which would assure Equal Protection of the Laws, Due Process and procedural guidelines that will assist and identify discriminatory actions and decisions against people of color, nationality, race and gender in Educational Services/Placement and Disciplinary proceedings.

81. The City of Mount Vernon School District and Putnam County BOCES for Special Education Learning   Facilities are required by law to provide tutoring services and other educational requirements for students out of school and/or suspended for a period exceeding 5-10 days.

82. Defendant's failure to respond to Plaintiff's request for her child's Individual Educational Program   assistance, counseling, reconsideration of the disciplinary determination and re-placement back to school contributed to Plaintiff's injuries and a cause of action against the defendants which

harmed and deteriorated    Plaintiff's PE mental health, educational learning and public trust - Leaving Plaintiff PE Behind.

**FIFTH CAUSE OF ACTION**

83. Plaintiffs repeat paragraphs 1-72 as alleged and further alleges:

84. Defendant Murphy failed to follow the protocol for disciplinary proceedings before suspension and showed herself to discriminate against Plaintiff. and further behavior shows defendant Murphy    retaliated against Plaintiff for inquiring and demanding procedures neglected by defendant Murphy in violation of due process and equal protection clauses of the law.

**SIXTH CAUSE OF ACTION**

85. Plaintiffs repeat paragraphs 1-72 as alleged and further alleges:

86. Defendant County of Putnam    used unwritten policies and practices before acceptance and the hiring of school employees in their PUTNAM/NORTHERN WESTCHESTER BOARD OF EDUCATIONAL SERVICES when defendant Murphy and Beckman used unwritten policies and procedures that contributed to a determination that (1) allowed discriminatory practices; (2) prejudicial treatment and (3) practices in violation of FAPE and IDEA that violate Plaintiff's parental rights. When defendant's together, deliberately and indifferent to Plaintiff's parental    rights to participate in her child educational decisions.    Denied Plaintiff the rights and procedures under Safe-guard regulations, FAPE and IDEA. Plaintiff Simmons rights to appear and provide facts, evidence or witnesses at a disciplinary hearing for Plaintiff    was violated by defendants. Defendant's decision to expell Plaintiff's child from Special Education Learning in PUTNAM/NORTHERN WESTCHESTER BOARD OF EDUCATIONAL SERVICES, was arbitrary and capricious and in violation of lawful procedures. (See FAPE and IDEA)

87. Plaintiff made a oral and written request for a manifestation hearing by Defendant Murphy for Putnam/Northern Westchester Board of Educational Services on or about the 10th day of November 2016.

88. Defendants alleged on November 22, 2016, a manifestation hearing was held without notice to Plaintiff to participate and submit documentary medical and school records with testimony from Clinical Psychiatrist.

89. Defendant Murphy and Beckman, deliberately    indifferent to Plaintiff's rights to appear at such manifestation hearing, therefore violating Plaintiff's rights under FAPE and IDEA

**SEVENTH CAUSE OF ACTION**

90. Plaintiffs repeat paragraphs 1-72 as alleged and further alleges:

91. Defendant's special education for Putnam County was in violation of a free appropriate public education ("FAPE"); the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and New York

Education Law § 4002 et seq. ("N.Y. Educ. Law § 4002") and the American Disability Act (ADA) Title 42 of the U.S.C.A section 12101; discriminatory treatment, and pursuant to the Civil Rights violations under Title 42 section 1983.

**EIGHTH CAUSE OF ACTION**

92. Plaintiffs repeat paragraphs 1-72 as alleged and further alleges:

93. Plaintiff wrote defendant Murphy in September of 2016 regarding participation in her sons education after loosing his coat in scho.

94. Defendant used her official capacity to retaliate agsinst plaintiff and violated Plaintiff rights a free appropriate public education ("FAPE"); the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and New York Education Law § 4002 et seq. ("N.Y. Educ. Law § 4002") and the American Disability Act (ADA) Title 42  of the U.S.C.A section 12101; discriminatory treatment, and pursuant to the Civil Rights violations under Title 42 section 1983.

**EIGHTH CAUSE OF ACTION**

95. Plaintiffs repeat paragraphs 1-72 as alleged and further alleges:

96. Defendant Putnam County Boces did not follow their own rules and policies when whne the denied Plaintiff's right to a free appropriate public education ("FAPE"); the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and New York Education Law § 4002 et seq. ("N.Y. Educ. Law § 4002") and the American Disability Act (ADA) Title 42  of the U.S.C.A section 12101; discriminatory treatment, and pursuant to the Civil Rights violations under Title 42 section 1983.

**WHEREFORE**, Plaintiffs prays for a Declaratory judgment   that defendants violated Plaintiff's right; and as follows:

1. Compensatory damages in the amount of $100,000.00 from each defendant;

2. Punitive damages in the amount of $300,000.00 from each defendants Murphy, Beckman, Fox Meadow Boces   Board of Education and $500,000.00 against the State of New York, City of Mount Vernon and the County of Putnam $1.6 million dollars;

3. For special damages as alleged or proven at the time of trial;

4. For all cost and expenses of the Plaintiffs;

5. For cost of the suit and legal expenses;

6. For such other and further relief as the court may deem just and proper.

I declare under the penalty of perjury the foregoing is true based upon my belief and knowledge, and

is correct.

Executed on this 12th day of April, 2022

TERRI SIMMONS, Parent & Guardian
  Plaintiff
PO Box 82
Yonkers, New York    10704



FOX MEADOW MIDDLE/HIGH SCHOOL
845 Fox Meadow Road, Yorktown Heights, NY 10598-4399

PHONE:  914-248-2357   FAX: 914-248-3659
EMAIL:  nmurphy@pnwboces.org

NICOLE MURPHY, SUPERVISOR OF SPECIAL EDUCATION

November 9, 2016

*Via first class and overnight delivery*
Terri Simmons
20 East 4th Street, Apt. 3D
Mount Vernon, NY  10550

Re: Peter Eichle

Dear Ms. Simmons:

Peter has been suspended from school for five (5) days to be served on November 14, 15, 16, 17 and 18, 2016.  Peter's conduct poses an on-going threat of disruption to the academic process.

On November 9, 2016, Peter's teacher reported that when he arrived to class and sat down in his chair something fell from the area of his lap.  The item that had fallen was a small packet of marijuana.   The teacher also found a second packet of marijuana under Peter's chair when he was removed from the classroom.

The above is a clear violation of our Student Codes of Conduct:

- VI.C.B – Prohibited Student Conduct: Engage in conduct that involves the possession of weapons, drugs, including synthetic versions of drugs, whether specifically illegal or not, or alcohol. Examples of this conduct include: (b) Use, possession, sale or distribution of drugs, including synthetic versions of drugs.
- VI.D.1F - Engaging in any willful act which disrupts the normal or safe operation of the school community.

Suspension is a very serious matter.  You have the right to request an immediate informal conference with me at which time you may present the student's version of the events and ask questions of the complaining witnesses. Please contact me at 914-248-2357 if you wish to discuss the matter further or schedule a conference.  **PLEASE BE ADVISED THAT THIS MATTER HAS BEEN REFERRED FOR A SUPERINTENDENT'S HEARING.**

Sincerely,

Nicole Murphy
Principal

cc:  Felicia Gaon, Mount Vernon Director of Special Education
     Shelley Fleischmann, PNW BOCES Director of Special Education

*Service and Innovation Through Partnership*

Bedford  |  Brewster  |  Briarcliff  |  Carmel  |  Chappaqua  |  Croton-Harmon  |  Garrison  |  Haldane  |  Hendrick Hudson
Katonah-Lewisboro  |  Lakeland  |  Mahopac  |  North Salem  |  Ossining  |  Peekskill  |  Putnam Valley  |  Somers  |  Yorktown

T.S., Parent of P.E., a Student with a Disability

        -against-                             **INTERIM ORDER**

The Mt. Vernon City School District and
Putnam Northern Westchester BOCES

In response to a request made by Mr. Scapoli on behalf of the Mt. Vernon  City School District on January 9, 2017, having held a conference call with all parties and representatives on January 17, 2017,having previously notified all parties of my intent to issue a formal order to this effect and  having reviewed the following documents:

1.  Ms. Simmons Due Process Complaint, dated January 3, 2017, against the Putnam Northern Westchester BOCES (PWN BOCES) was received by the Mt. Vernon Board of Education on January 9, 2107;
2.  In a letter dated January 10, 2017, the letter issued by the Mt. Vernon City School District ("The District")  appointing me to serve as the impartial hearing officer to address this Complaint and acknowledgement that, as the Student's District of Residence, the District  was a necessary party to the Complaint;
3.  Replies submitted to me  by Ms. Simmons in response to  the application made on behalf of PNW BOCES, by Michael Lambert, Esq. and to the Answer filed by the Mt. Vernon City School District, by Mr. Scapoli Esq.;
4.  An e-mail, from Ms. Gaon to Ms. Simmons on January 18, 2017, with an attachment of free and low cost legal services and  copy of the procedural safeguards.

Based on the foregoing, I find that:

1.  Ms. Simmons  has been diligently seeking counsel  since the time her son was first suspended from his last program at PNW BOCES on or about November 9, 2016 and that despite her efforts to do so, has been unsuccessful
2.  To date, the Mt. Vernon City School District had agreed to postpone the Superintendent's   hearing previously scheduled and adjourned in response to Ms. Simmon's request for time to secure counsel;
3.  Ms. Simmons denies the charges that formed the basis of the suspension referred to above;
4.  To date, the parties have not reached an agreement through the resolution process or otherwise to further adjournment of the hearing to determine the Student's innocence or guilt involving the charges leading to his removal from his last placement at PNWBOCES.

5. Although Ms. Simmons is entitled to an attorney to represent her and her son in a due process hearing and in the pending matter before me, there is no basis to conclude   that  more time alone will enable Ms. Simmons to do so;

6. In the meantime and as of January 17, 2017, the Student, P.E. has not received any educational services since on or about November 9, 2016.

Based on my review and findings of fact, I issue the following Orders:

1. In the absence of an agreement between the parties resolving the Parent's outstanding Complaint or an agreement by the Parent waiving her and her son's right  to a Superintendent's Hearing,   the Mt. Vernon City School District shall issue written notice to Ms. Simmons, as required by Education Law §3214, and  reschedule  a hearing  for February 10, 2017 or upon further agreement of the parties to a date , as soon as possible thereafter, to  provide due process  in accordance with Education Law §3214 to address any and all charges  forming the basis for  the exclusion of Peter Eichie from his last agreed upon placement at the PNW BOCES;

2. In the absence of an agreement reached between the parties resolving the Parent's outstanding Complaint, or the need to proceed to the hearing referred to above, if  the Student is found guilty of any charges following such hearing,   the Mt Vernon City School District shall convene, as soon as possible thereafter,  a meeting of the Manifestation Team held pursuant to Part 201 of Commissioner's regulations, to determine  whether  such behaviors, whether found as a result of hearing or by agreement,  constituted  a manifestation of his disability;

3.  If the Student is subject to further suspension from school as a result of the hearing, whether or not the manifestation team finds the behavior upon which such suspension is based, to be a manifestation of his disability the Student will be credited with time served for each day he did not attend school since his removal from PNW BOCES.

It is further ORDERED that upon the issuance of decisions relating to the Student's suspension from school attendance, the parties shall notify me in writing of the resolution.  In the event, the Parent elects to amend her Complaint at such time, Ms. Simmons is directed to do so without delay.  In the absence of an amendment, whether or not the Parent has secured counsel, by such time, I shall issue a decision on all outstanding requests, including the application for dismissal filed by Mr. Lambert on behalf of PNW BOCES and the application filed by Mr. Scapoli on behalf of the Mt Vernon School District regarding the applicable statute of limitations.

**SO ORDERED:**
// Karen Norlander
 Karen Norlander, Esq.

**Dated:** February 3, 2017

2

# Due Process Complaint Notice
## Requesting a Impartial Hearing/Resolution

I, Terri Simmons, do hereby file this Due Process Complaint Notice against Putman Northern Westchester Boces Yorktown Heights

**Submitted by Terri Simmons**

Submitted to: Shelley Einbinder-Fleischmann, Director of Special Education

845 Fox Meadow Rd., Yorktown Heights, New York 10598

---

**Student Information**

Child's name Peter Eichie, dob 2/19/00, residing at 20 East 4th Street 3D, Mount Vernon, New York 10550, PNW Boces Yorktown Heights, Fox Meadow High School, 845 Fox Meadow Road, Yorktown Heights, New York 10598.

District of Mount Vernon, New York

---

**Parent:** Terri Simmons, 20 East 4th Street, Apt 3D, Mount Vernon, NY 10550. Telephone 646-431-3659

**School Information:**

Shelley Einbinder-Fleischmann, Director of Special Education

845 Fox Meadow Rd., Yorktown Heights, New York 10598

---

**Subject of the complaint**

On November 9, 2016, I personally drove my son to school because the bus failed to pick him up. While at school I spoke with Nicole Murphy, Principal and Penny Beckman, Psychologist at Fox Meadow H/S. I left the school driving back home during this time I was called back to the school by Dr. Murphy concerning my son Peter Eichie. Upon my return I was informed by Dr. Murphy that my son Peter was in possession of marijuana and that she recommended that he be suspended. I objected to the suspension and requested a formal hearing. *At that time, she*

rescinded her decision from suspension to in-house suspension. I left the school alone and returned home. On 11/10/16, a pre-hearing was scheduled and cancelled by the representative and I did   not attend but requested a re-scheduled dated.   I sent my son back to school and he was not allowed to attend any classes. He was held on in-house suspension by the principal. Dr. Murphy emailed me 11/14/16   stating: *"...A superintendent's hearing was also requested upon his return.' ...."he has to complete his out of school suspension...'"* On 11/14/16 I received a letter from school dated 11/9/16 with a notice of suspension disposition at 5 days and no return date for my son (11/14, 11/15, 11/16, 11/17 and 11/18) and a further notice referring the matter to a Superintendent hearing. The letter also included a further charge of "*VI.D.1F Engaging in any willful act which disrupts the normal or safe operation of the school community.*" On 11/14/. **My son has been suspended from school over 40 days**. *I am complaining that the principal would not allow my son back in school after the five days of suspension pending a superintendent's hearing.* The two days in-school suspension did not count toward the 5 days suspension. The actions of the principal referring the matter to superintendent's hearing without a manifestation hearing or pre-conference was bias and prejudice my child from further education. A review of my child's psychologist records and diagnosis will show that his condition alter his behavior. The principal added another charge and referred the matter to a Superintendent's hearing by stating my son violated this rule: "*VI.D.1F Engaging in any willful act which disrupts the normal or safe operation of the school community.*" A further review of my child's record will show that a previous manifestation hearing reveal that his disability contribute to behavior.

**Proposed Solution**

     That a review of my child's records used for manifestation are reconsidered for his continued education under the Special Education programs as approved in his Individual Educational Plan (IEP)   for 2016, 2015, 2014, 2013, 2012, 2011, 2010, 2009, 2008 and 2007. My child need the special education programs as well as the counseling described in the IEP aid and help to assist him in his disability.

Submitted by:      TERRI SIMMONS,   Parent

Date: January 3rd, 2017

No other due process complaint was filed on behalf of Peter Eichie.
No other due process complaint has been filed on behalf of the parent or student