Copies Mailed/Faxed 4/29/22
Chambers of Vincent L. Briccetti
BA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TERRI SIMMONS,
          Plaintiff,

v.

PUTNAM/NORTHERN WESTCHESTER
BOARD OF COOPERATIVE EDUCATIONAL
SERVICES; MOUNT VERNON CITY
SCHOOL DISTRICT; NICOLE MURPHY; in
her official and individual capacities; and
PENNY BECKMAN, in her official and
individual capacities,
          Defendants.
--------------------------------------------------------------x

**AMENDED ORDER OF SERVICE**

19 CV 10388 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/29/22

    Plaintiff, proceeding pro se and in forma pauperis, asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Individuals with Disabilities Education Act ("IDEA").[1]

    Plaintiff's claims arise from the alleged suspension of her son ("P.E.") from Fox Meadow Middle School/High School, a school operated by defendant Putnam/Northern Westchester Board of Cooperative Educational Services ("PNW BOCES"); the alleged failure of PNW BOCES and defendant Mount Vernon City School District (the "District") to ensure plaintiff's participation in her son's disciplinary hearings; and the District's alleged failure to provide P.E. educational services or alternative school placement thereafter.

    On January 31, 2022, the Court granted defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(1), but granted plaintiff leave to file a second amended complaint only to the extent plaintiff addressed whether she exhausted her administrative

---

[1]     The Court presumes the parties' familiarity with the factual and procedural background and summarizes only the relevant factual allegations and procedural history below.

1

remedies under the IDEA or whether exhaustion would have been futile or otherwise excused. (Doc. #52).

On April 15, 2022, plaintiff filed a second amended complaint (Doc. #57 ("SAC")) naming eight additional defendants: the unidentified District Superintendent (the "Superintendent"); Felicia Gaon, the Director of School Services for the District; Michele D. Fret, the Supervisor of Special Education for the District; Shelley Fleischmann, the Director of Special Education for PNW BOCES; the City of Mount Vernon; the County of Putnam; the New York State Department of Education; and the New York State Board of Regents.

For the reasons discussed below, the Court (i) directs service on the newly-named defendants Gaon, Fret, and Fleischmann, (ii) dismisses, sua sponte, plaintiff's claims against the other newly-named defendants, (iii) directs the District to identify the Superintendent, and (iv) directs defense counsel to advise the Court whether it will accept service of process on behalf of the newly-named defendants.

## DISCUSSION

I. The City of Mount Vernon, Putnam County, and the New York State Defendants

A. Standard of Review

The district court has the authority to dismiss a complaint if it determines that the action is frivolous, see Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however, to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). But the "special solicitude" in pro se cases, id. at 475, has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A complaint must include enough facts to state a claim for relief "that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). But it does not have to accept as true conclusory statements or "[t]hreadbare recitals of the elements of a cause of action." Id. (citing Twombly, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. Id. at 679.

B.   The City of Mount Vernon and Putnam County

The second amended complaint names the City of Mount Vernon and the County of Putnam as defendants, but it is clear from the face of the pleading that neither municipal defendant is alleged to have played any substantive role in the events or occurrences giving rise to plaintiff's claims. Indeed, outside of the caption and introductory and closing paragraphs, the only references in the second amended complaint to either municipal entity are the allegations that the "City of Mount Vernon and Mount Vernon City School District have failed to provide diversity training at Special Education Learning Facilities" (SAC ¶ 80), and that "Defendant County of Putnam used unwritten policies and practices before acceptance and the hiring of

school employees in their Putnam/Northern Westchester Board of Educational Services." (Id. at ¶ 86). However, all of the individual education officials allegedly involved in the denial of plaintiff's statutory and constitutional rights were employees of either the District or PNW BOCES, which are separate and unrelated municipal entities that have already been named and served in this action. In light of the absence of any additional allegations regarding the City of Mount Vernon and County of Putnam, the Court concludes plaintiff fails to state a claim against either municipal defendant, and neither defendant is a proper party to this action.

Accordingly, all claims against the City of Mount Vernon and the County of Putnam must be dismissed.

C. New York State Department of Education and New York State Board of Regents

Outside of the caption and introductory paragraphs, the only reference in the second amended complaint to either the New York State Department of Education or the New York State Board of Regents is the allegation that "Plaintiff wrote numerous letters requesting legal assistance and school services from Defendants Board of Education, Department of Education and Mount Vernon School District." (SAC ¶ 23). Although plaintiff makes specific, additional allegations regarding the District and PNW BOCES's failure to accommodate these requests, she makes no such allegations regarding what actions, if any, the Department of Education or the Board of Regents may have taken regarding these letters. This bare allegation fails plausibly to state a claim for relief under the IDEA, the ADA, or the Rehabilitation Act.

Accordingly, all claims against the New York State Department of Education and the New York State Board of Regents must be dismissed.

II.     Defendants Gaon, Fret, Fleischmann, and the Superintendent

Liberally construed, the second amended complaint contains at least some substantive allegations that defendants Gaon, Fret, Fleischmann, and the Superintendent played at least some role in the denial of plaintiff's statutory or constitutional rights or plaintiff's alleged attempts to exhaust her administrative remedies.

Accordingly, to allow plaintiff to effect service on defendants Gaon, Fret, and Fleischmann through the U.S. Marshals Service, the Clerk is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for these newly-named defendants. The Clerk is further instructed to issue summonses listing defendants Gaon, Fret, and Fleischmann, and deliver to the Marshals Service all paperwork necessary for the Marshals Service to effect service upon them. The service addresses for these defendants are appended to this Order.

In addition, because plaintiff supplies sufficient information to permit the District to identify the Superintendent, the Court orders the District, by May 13, 2022, to ascertain the identity of the Superintendent and the address where that defendant may be served.[2]

---

[2]     To be clear, the Court makes no conclusion at this stage whether it is plausible that plaintiff is entitled to relief on these allegations regarding these defendants.

In addition, plaintiff alleges that she filed a due process complaint against PNW BOCES and the District under the IDEA; that the District could not force PNW BOCES to permit P.E. back into Fox Meadow Middle/High School; that PNW BOCES argued it was not subject to the jurisdiction of the Impartial Hearing Officer appointed to address plaintiff's due process complaint; and that she reached a settlement with the District regarding her due process complaint that the District failed to honor. (See, e.g., SAC ¶¶ 32–35, 67–72). The Court does not address whether any of these allegations address the exhaustion or excusal deficiencies identified in the amended complaint by the Court's January 31, 2022, Opinion and Order.

5

Also by May 13, 2022, in an effort to expedite this matter and to reduce the burden on the U.S. Marshals Service, counsel for the previously-named defendants shall advise the Court whether counsel will accept service of process on behalf of the newly-named defendants.

## CONCLUSION

All claims against defendants New York State Department of Education, New York State Board of Regents, the County of Putnam, and the City of Mount Vernon are dismissed.

To be clear, plaintiff's claims against the remaining defendants shall proceed in the regular course. Accordingly, the previously-named defendants—the District, PNW BOCES, Beckman, and Murphy—must answer, move, or otherwise respond to the second amended complaint by May 20, 2022.

The Clerk is directed to terminate defendants New York State Department of Education, New York State Board of Regents, the County of Putnam, and the City of Mount Vernon from this action.

The Clerk is further directed to complete USM-285 forms with the addresses for the listed defendants in the attached Appendix and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

By May 13, 2022, the District must ascertain the identity of the Superintendent and provide this information to plaintiff and the Court.

Also by May 13, 2022, counsel for the previously-named defendants shall advise the Court whether counsel will accept service of process on behalf of the newly-named defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: April 29, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

APPENDIX

1. Felicia Gaon
   Mount Vernon City School District
   165 North Colombus Avenue
   Mount Vernon, New York 10522

2. Michele Fret
   Mount Vernon City School District
   165 North Colombus Avenue
   Mount Vernon, New York 10522

3. Shelley Einbinder Fleischmann
   Putnam/Northern Westchester Board of Cooperative Educational Services
   200 BOCES Drive
   Yorktown Heights, New York 10598-4399