UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



--------------------------------------------------------------x
TERRI SIMMONS,
               Plaintiff,

v.

NICOLE MURPHY, PENNY BECKMAN,
MOUNT VERNON CITY SCHOOL
DISTRUCT, FELECIA GAON, Director of
School Services, PUTNAM/NORTHERN
WESTCHESTER BOARD OF COOPERATIVE
EDUCATIONAL SERVICES, MICHELE FRET,
and SHELLEY EINDBINDER
FLEISCHMANN, and KENNETH R.
HAMILTON,
               Defendants.
--------------------------------------------------------------x

**ORDER**

19 CV 10388 (VB)

Copies Mailed/Faxed 9/27/22
Chambers of Vincent L. Briccetti

    On May 20, 2022, defendants filed a motion to dismiss the second amended complaint. (Doc. #64). Counsel for defendants filed a certificate of service certifying that copies of the motion papers were served on plaintiff, who is proceeding pro se and in forma pauperis, at her address at the docket. (Doc. #67). Accordingly, plaintiff's deadline to oppose the motion to dismiss was June 3, 2022.

    On June 13, 2022, the Court, sua sponte, extended plaintiff's deadline to oppose the motion to dismiss to June 27, 2022. (Doc. #68). The Court warned that if plaintiff failed to oppose the motion by June 27, 2022, the motion would be "deemed fully submitted and unopposed." (Id.)

    By letter dated June 29, 2022, plaintiff acknowledged receipt of the motion to dismiss papers and requested a 14-day extension of time to oppose the motion in light of the death of her mother on June 23, 2022. (Doc. #70). The Court granted plaintiff's request. (Doc. #71).

    On July 18, 2022, plaintiff, in lieu of responding to the motion to dismiss, filed a motion requesting the Court appoint pro bono counsel. (Doc. #72). Plaintiff also requested, in the alternative, "more time . . . to seek legal assistance from the University providing cordial legal assistance to [p]ro se plaintiff[s]." (Id.) The Court denied without prejudice the motion for assignment of counsel, but extended plaintiff's time to oppose the motion to dismiss to August 22, 2022. (Doc. #73). The Court warned again that "if plaintiff fails to file her opposition by August 22, 2022, the motion will be deemed fully submitted and unopposed," and "[a]bsent compelling circumstances, the Court is unlikely to grant any further extensions of time for plaintiff to respond to the motion to dismiss." (Id.)

    By letter dated September 26, 2022—more than one month after the August 22, 2022, deadline expired—plaintiff now appears to request another extension of time to oppose the motion to dismiss due to the "complex[] and extreme unusual circumstances that have

1

contributed to Plaintiffs delay." (Doc. #78). Specifically, plaintiff discusses (i) the death of her mother; (ii) her disabled son's "continual involvement with the criminal judicial system," which requires plaintiff to prepare her son for multiple court appearances; (iii) her efforts "over the past 90 days" to apply for guardianship over her son; (iv) her son's car accident on August 14, 2022, and subsequent hospitalization; and (v) the fact that "all defendants have not been served." (Doc. #78).

Accordingly, it is hereby ORDERED:

The Court, for the last time, extends to **October 27, 2022**, plaintiff's time to oppose the motion to dismiss. **To be clear: This is the final extension. If plaintiff fails to oppose the motion to dismiss by October 27, 2022, the motion will be deemed fully submitted and unopposed**. Although the Court is sympathetic to plaintiff's circumstances, the Court has now afforded plaintiff nearly five months to oppose the motion to dismiss. **No further extensions will be granted**. The special solicitude afforded to pro se plaintiffs has run its course.

In addition, the Court notes that, contrary to plaintiff's assertions, all defendants have, in fact, been served with the second amended complaint. Defense counsel accepted service on behalf of the newly-named defendants by letter dated May 19, 2022. (Doc. #63).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: September 27, 2022
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge