UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TERRI SIMMONS,

                Plaintiff,

v.

KENNETH R. HAMILTON, Mount Vernon City
School District Superintendent; FELICIA
GAON, Director of School Services; PUTNAM/
NORTHERN WESTCHESTER BOARD OF
COOPERATIVE EDUCATIONAL SERVICES;
MOUNT VERNON CITY SCHOOL DISTRICT;
NICOLE MURPHY; PENNY BECKMAN;
MICHELE FRET; and SHELLEY EINBINDER
FLEISCHMANN, Special Education Director,
Putnam County; in their official and individual
capacities

                Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

19 CV 10388 (VB)

Briccetti, J.:

      Plaintiff Terri Simmons, proceeding pro se and in forma pauperis, brings this action against defendants Putnam/Northern Westchester Board of Cooperative Educational Services ("PNW BOCES"), Mount Vernon City School District (the "District"), and various PNW BOCES and District officials.[1] Plaintiff's claims arise from the alleged suspension of her son ("P.E.") from Fox Middle School/High School (the "School"), which is operated by PNW BOCES and the District; defendants' alleged failure to ensure plaintiff's participation in her son's disciplinary hearings; and defendants' alleged failure to provide P.E. educational services or an appropriate school placement thereafter.

---

[1] In the operative complaint, plaintiff also named as defendants the City of Mount Vernon, the County of Putnam, the New York State Department of Education, and the New York State Board of Regents. However, the Court dismissed all claims against these defendants in an Order dated April 29, 2022, because plaintiff alleged no facts indicating they were proper defendants. (Doc. #60).

1

Now pending is defendants' motion to dismiss the second amended complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6). (Doc. #64).

Also pending is plaintiff's cross-motion for leave to amend her complaint, which plaintiff asserted in her opposition. (Doc. #80 ("Pl. Opp.") at ECF 5–6).[2]

For the reasons set forth below, defendants' motion to dismiss is GRANTED, and plaintiff's cross-motion for leave to amend is DENIED.

## BACKGROUND

The Court presumes the parties' familiarity with the factual background and summarizes only the relevant factual allegations and procedural history below.[3]

In an Opinion and Order dated September 9, 2020, the Court dismissed plaintiff's initial complaint in its entirety, concluding plaintiff's claims exclusively concerned P.E.'s rights and were thus barred by "the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child." (Doc. #30 at 4). The Court also denied plaintiff's request to seek pro bono representation on P.E.'s behalf because P.E. is now of legal age, and plaintiff therefore can only pursue claims on P.E.'s behalf if appointed "guardian ad litem or next friend." (Id. at 6–7). Nevertheless, the Court granted plaintiff leave to "amend the complaint to the extent she brings claims on her own behalf and/or is appointed guardian ad litem, and retains counsel, to pursue claims on behalf of P.E." (Id. at 8).

---

[2]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

[3]   Because plaintiff is proceeding pro se, the Court also considers allegations made for the first time in plaintiff's opposition to the motion to dismiss. See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

On March 2, 2021, plaintiff filed an amended complaint, on her own behalf and on behalf of P.E., again without retaining counsel or being appointed P.E.'s guardian ad litem. (Doc. #36). In the amended complaint, plaintiff largely restated the allegations made in her original complaint, although she also asserted claims in her individual capacity for violations of certain procedural and substantive rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 ("IDEA"); Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act ("Section 504"); and 42 U.S.C. § 1983 ("Section 1983").[4]

In an Opinion and Order dated January 31, 2022 ("January 2022 Order"), the Court dismissed the amended complaint in its entirety. (Doc. #52). First, the Court concluded plaintiff again lacked standing to bring claims on P.E.'s behalf because she continued to proceed pro se and had not been appointed guardian ad litem. Second, the Court concluded plaintiff's failure to exhaust her administrative remedies, "without an appropriate excuse or exception," deprived the Court of subject matter jurisdiction over plaintiff's IDEA claims, brought under IDEA itself and under Section 1983. (Id. at 9). Similarly, the Court concluded it lacked jurisdiction over plaintiff's ADA and Section 504 claims, which were subject to the IDEA's exhaustion requirement because the gravamen of the complaint was "a denial of [a free appropriate public education ("FAPE")], . . . not intentional discrimination or retaliation." (Id. at 9–10). However, the Court again granted plaintiff "leave to file a second amended complaint to pursue [IDEA, Section 1983, ADA, and Section 504 claims in her individual capacity] only, to the extent

---

[4] "IDEA grants parents, independent, enforceable rights," which "encompass the entitlement to a free appropriate public education for the parents' child," including both "procedural and reimbursement-related rights" and "the substantive adequacy of the education provided to a child." Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 531–33 (2007).

plaintiff adequately alleges she exhausted her administrative remedies under the IDEA or that exhaustion would have been futile or otherwise excused." (Id. at 11) (emphasis in original).

On April 15, 2022, plaintiff filed the second amended complaint ("SAC"), bringing claims only on her own behalf. (Doc. #57).[5] As relevant here, the allegations in the SAC, as well as documents attached as exhibits or "integral" to the SAC, DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010), show the following:

(i) On January 3, 2017, plaintiff submitted the Due Process Complaint, asserting claims against PNW BOCES and requesting an impartial hearing before an IHO.

(ii) By letter dated January 10, 2017, the District appointed Karen Norlander, Esq., to serve as the IHO for plaintiff's Due Process Complaint, and acknowledged the District, as P.E.'s district of residence, was a necessary party to the Due Process Complaint.

(iii) On January 17, 2017, plaintiff amended the Due Process Complaint to add claims against the District.

(iv) On January 17, 2017, the IHO held a pre-hearing conference call with all parties, discussing, among other things, plaintiff's right to a hearing on whether P.E.'s purported conduct was a manifestation of his disability.

(v) On January 18, 2017, defendant Gaon emailed plaintiff information about free and low-cost legal services and a copy of the IDEA procedural safeguards.

---

[5] Document 57 is comprised of the SAC and three unnumbered exhibits: (i) a letter from defendant Murphy, dated November 9, 2016, notifying plaintiff of P.E.'s suspension ("Notice of Suspension"); (ii) an interim order issued by an impartial hearing officer ("IHO"), dated February 3, 2017 ("Interim IHO Decision"); and (iii) a due process complaint notice requesting an impartial hearing, submitted by plaintiff on January 3, 2017 ("Due Process Complaint").

4

> (vi) On February 3, 2017, the IHO issued an interim order which, among other things, required the District to (i) send plaintiff a written notice of a superintendent's hearing to determine whether P.E. violated the school's code of conduct, and to reschedule the superintendent's hearing for February 10, 2017, unless the parties agreed otherwise; and (ii) if P.E. was found guilty, to convene the "Manifestation Team" to determine whether P.E.'s conduct was a manifestation of his disability. (IHO Interim Order at 2).
>
> (vii) On March 10, 2017, plaintiff executed a settlement agreement with the District "in lieu of proceeding to an impartial hearing." (Doc. # 65-4 ("Settlement Agreement") at 1; SAC ¶¶ 67–68). Under the Settlement Agreement, plaintiff withdrew her informal hearing request "with prejudice to any claims asserted against the District" and waived any claims regarding P.E.'s suspension and his educational support for the 2016–2017 school year as to the District. (Settlement Agreement at 2). However, plaintiff reserved the right to assert such claims against PNW BOCES.

Although the Court granted plaintiff leave to amend "only" with respect to her IDEA, Section 1993, ADA, and Section 504 claims (January 2022 Order at 11), in the SAC, plaintiff also asserts state-law claims under the New York Education Law.

Plaintiff seeks declaratory relief that defendants violated her rights as well as monetary damages and costs.

**DISCUSSION**

I.      Subject Matter Jurisdiction

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011). The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the Court should consider the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). And when a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

II.   Failure to Exhaust Administrative Remedies

Defendants argue plaintiff's IDEA, Section 1983, ADA, and Section 504 claims must be dismissed because plaintiff fails to allege facts demonstrating that she exhausted her administrative remedies or that the exhaustion requirement should be excused, and therefore the Court lacks subject matter jurisdiction over these claims.

The Court agrees.

A.   Legal Standard

The Court presumes the parties' familiarity with the general legal framework under the IDEA, as set forth in the January 2022 Order, and summarizes only the applicable law concerning the exhaustion requirement.

"It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 112 (2d Cir. 2004).  In New York, a parent may request an impartial due process hearing before an IHO concerning any matter relating to the provision of a FAPE under the student's individualized education plan ("IEP")—including a change in a student's placement due to suspension or expulsion.  See 20 U.S.C. § 1415(f); N.Y. Educ. Law § 4404(1)(a).  After the impartial hearing officer holds a hearing and issues a written decision, a parent may appeal that decision to a State Review Officer ("SRO") at the State Education Department.  20 U.S.C. § 1415(g); 8 N.Y.C.R.R. § 200.5(k).

Generally, a plaintiff's failure to exhaust these administrative remedies "deprives the court of subject matter jurisdiction" over IDEA claims.  Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 245 (2d Cir. 2008).  Moreover, the exhaustion requirement applies even to claims brought under other statutes if "the gravamen of a complaint seeks redress for a school's

7

failure to provide a FAPE." Fry v. Napoleon Cmty. Schs., 137 S. Ct. 743, 756 (2017); see also Z.Q., et al. v. N.Y.C. Dep't of Educ., 2023 WL 1486387, at *1 n.2 (2d Cir. Feb. 3, 2023) (summary order) (Section 1983 and Section 504 claims subject to exhaustion requirement); Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 489 (2d Cir. 2002) (ADA and Section 504 claims subject to exhaustion requirement). For this reason, "a prayer for damages does not enable a plaintiff to sidestep the exhaustion requirement of the IDEA." Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d at 246.

Nevertheless, the exhaustion requirement is excused if exhaustion would be futile. Coleman v. Newburgh Enlarged City Sch. Dist., 503 F.3d 198, 205 (2d Cir. 2007). Courts have applied the futility exception when "the complaint alleges systemic violations that the administrative review process had no power to correct," or when "the agency has adopted a policy or practice of general applicability that is contrary to law." Z.Q., et al. v. N.Y.C. Dep't of Educ., 2023 WL 1486387, at *2. The plaintiff bears the burden of demonstrating futility. J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d at 112.

In addition, the exhaustion requirement is excused if the parents were not notified of their procedural rights under the IDEA, and were thereby deprived "of the opportunity to take advantage of the procedural safeguards offered by the statute." Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 149 (2d Cir. 2002).

B.   Analysis

As a threshold matter, for the reasons stated in the January 2022 Order, plaintiff's Section 1983, ADA, and Section 504 claims are subject to the IDEA's exhaustion requirement.  (See Doc. #52 at 8–10).[6]

Plaintiff concedes she failed to exhaust administrative remedies, but contends the Court should excuse the exhaustion requirement here.  (See Pl. Opp. at ECF 3).  However, plaintiff fails plausibly to allege that exhaustion would have been futile or should otherwise be excused.

First, even liberally construed, the second amended complaint lacks plausible allegations suggesting the District engaged in "systemic" violations or adopted a "policy of general applicability that is contrary to law and not directed at any individual child," such that pursuing the administrative remedies would have been futile.  Vinluan on behalf of D.V. v. Ardsley Union Free Sch. Dist., 2021 WL 3193128, at *7 (S.D.N.Y. July 27, 2021).  Plaintiff's conclusory allegations concerning "Defendants' pervasive failure to meet their obligation to provide a [FAPE]" (SAC ¶ A), "discriminatory treatment," and "continual deprivations" (Pl. Opp. at 3) are insufficient to meet her burden of demonstrating futility.  See J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d at 112.

Indeed, plaintiff alleges defendants' actions with respect to P.E.'s suspension and educational services were contrary to their own policies.  (E.g., SAC ¶ 84 ("Defendant Murphy failed to follow the protocol for disciplinary proceedings before suspension"); id. ¶ 96 ("Defendant Putnam County Boces did not follow their own rules and policies when [it] denied Plaintiff's right to a free appropriate education")).  These allegations undermine any argument

---

[6]   As with the amended complaint, the gravamen of the second amended complaint is the denial of a FAPE, not intentional discrimination or retaliation.  (See Doc. #52 at 10).

9

that exhaustion would have been futile, because they fail to show a "policy of general applicability that is contrary to law and not directed at any individual child." See Vinluan on behalf of D.V. v. Ardsley Union Free Sch. Dist., 2021 WL 3193128, at *5, 7 (rejecting futility argument when plaintiffs alleged the violations were "not necessarily rooted in official written policies, and may, at times contradict [defendant's] lawful written policies" such that "the facts alleged in the SAC pertain only to [plaintiff's] children").

Second, plaintiff fails plausibly to allege she was not notified of her rights under the IDEA and thereby deprived "of the opportunity to take advantage of the procedural safeguards offered by the [IDEA]." See Weixel v. Bd. of Educ. of City of New York, 287 F.3d at 149.[7] Plaintiff's conclusory allegations that defendants failed to provide notice (e.g., SAC at ¶¶ 19, 38, 47) are belied by the record, which shows: (i) plaintiff was aware of, and exercised, her right to request an impartial due process hearing under the IDEA, (ii) the District provided plaintiff with a copy of the procedural safeguards under the IDEA; and (iii) plaintiff chose to settle the dispute with the District instead of proceeding to an impartial hearing.

Because plaintiff was aware of her procedural rights under the IDEA but chose not to pursue them, the Court will not excuse her failure to exhaust administrative remedies before commencing this action. Compare L.K. v. Sewanhaka Cent. High Sch. Dist., 641 F. App'x 56, 58 (2d Cir. 2016) (summary order) (refusing to excuse exhaustion requirement when plaintiff received a procedural safeguards notice discussing her right to request "an impartial due-process hearing" under Section 504 and the IDEA) and Palagonia v. Sachem Cent. Sch. Dist., 2012 WL

---

[7]     As noted in the January 2022 Order, to the extent plaintiff's IDEA claims concern the District's alleged deprivation of her procedural rights before P.E.'s suspension or the District's alleged denial of tutoring or other educational services for P.E., such claims are independently precluded by the Settlement Agreement itself. (See Doc. #52 at 9 n.7).

1391917, at *8 (E.D.N.Y. Feb. 14, 2012) (refusing to excuse exhaustion requirement when "plaintiffs were aware of their due process rights and chose not to exercise them"), with J.G. by Mrs. G. v. Bd. of Educ. of Rochester City Sch. Dist., 830 F.2d 444, 446–47 (2d Cir. 1987) (excusing failure to exhaust when district allegedly engaged in systemic violations which included "[f]ailing to inform parents of their right to present complaints and obtain impartial hearings and of how to obtain impartial hearings").

Accordingly, plaintiff's claims under the IDEA, Section 1983, the ADA, and Section 504 must be dismissed for failure to exhaust administrative remedies without an appropriate excuse.[8]

III.     State Law Claims

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

Accordingly, the Court dismisses plaintiff's state-law claims for lack of subject matter jurisdiction.

IV.     Leave to Amend

In her opposition, plaintiff requests leave to amend the SAC to address any deficiencies identified by the Court.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts "should freely grant leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The

---

[8]     Because the Court concludes it lacks subject matter jurisdiction over plaintiff's claims, it declines to address whether such claims are plausibly alleged under Rule 12(b)(6).

11

Second Circuit has instructed courts not to dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  However, "a futile request to replead should be denied."  Id.  And a "[p]laintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend."  Jeanty v. Newburgh Beacon Bus Corp., 2018 WL 6047832, at *12 (S.D.N.Y. Nov. 19, 2018).

Here, the Court twice permitted plaintiff to amend her complaint, after granting defendants' motions to dismiss the initial complaint and the amended complaint.  Indeed, the Court specifically identified the deficiencies in both prior pleadings.  In the SAC, plaintiff failed to fix those deficiencies.  Moreover, the record here indicates "[t]he problem with [plaintiff's] causes of action is substantive; better pleading will not cure it."  Cuoco v. Moritsugu, 222 F.3d at 112 (2d Cir. 2000).

Accordingly, the Court declines to grant plaintiff leave to amend a third time.

**CONCLUSION**

Defendants' motion to dismiss the second amended complaint is GRANTED.

Plaintiff's cross-motion for leave to amend is DENIED.

The Clerk is directed to terminate the motion to dismiss (Doc. #64) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: February 8, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge